# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

RAMONA LAPILIO-SCHULTZ

      **Plaintiff,**

v.                                                                  **Case No: 6:25-cv-0126-CEM-DCI**

WESTGATE RESORTS, LTD.,

      **Defendant.**

_____

## ORDER

This cause comes before the Court on Defendant Westgate Resorts, Ltd.'s Motion for Entitlement to Attorneys' Fees and Costs. Doc. 40 (the Motion). As will be explained, the Motion is due to be **DENIED without prejudice**.

### I.    BACKGROUND

On January 3, 2025, Plaintiff filed a complaint in Florida's Ninth Judicial Circuit, raising fourteen counts rooted in allegations of fraud, misrepresentations and concealment. *Id.* Among the claims raised, Plaintiff alleged violations of Florida's Deceptive and Unfair Trade Practices Act (FDUTPA). Doc. 1-1 at 24-25 (citing § 501.204(1), Fla. Stat). Defendant promptly removed the case to the Middle District of Florida and filed a motion to dismiss all counts with prejudice. Docs. 1, 10. On August 7, 2025, the Court entered an order dismissing Count 13 with prejudice as time-barred (Doc. 36 at 6) and dismissing the remainder of the Complaint "with leave to amend" for shotgun pleading defects and failure to state a claim. *Id.* at 3-7. The Court did not set a deadline for filing the amended pleading. *See Id.* at 5, 8. To date, Plaintiff has not filed an amended complaint.

Approximately one month after the Court dismissed the Complaint, Defendant filed the instant Motion in accordance with Local Rule 7.01(b) seeking entitlement to approximately $88,511 in attorney fees and costs.[1]  Doc. 40 at 3.  Defendant claims entitlement exists because it "is clearly the prevailing party for the purpose of fee-shifting under [the] FDUTPA."  *Id.* at 5. Plaintiff never filed a response to the Motion.[2]

On February 23, 2026, Defendant filed a motion to dismiss the case for failure to prosecute. Doc. 42.  Defendant notes that, "although the case remains open, Plaintiff has neither filed an amended complaint nor sought an extension of time to do so. Accordingly, dismissal under FRCP 41(b) for "fail[ure] to prosecute or to comply with . . . a court order" is warranted."  *Id.* at 1-2. That motion remains pending.

## II.    LEGAL STANDARD

"To encourage citizens to invoke the protections of FDUTPA and file actions under that statute, the Legislature has provided that a prevailing party in a FDUTPA action may recover reasonable costs and attorney's fees from the nonprevailing party."  *Diamond Aircraft Indus., Inc. v. Horowitch*, 107 So. 3d 362, 367 (Fla. 2013).

The FDUTPA provides that "[i]n any civil litigation resulting from an act or practice involving a violation of this part, except as provided in subsection (5), the prevailing party, after

---

[1] The undersigned notes that the instant Motion is distinct from Defendant's Motion for Sanctions pursuant to Rule 11(c)(2).  Doc. 21; *see* Doc. 40 at 3, n.4 (Defendant "is not seeking a fee award that duplicates fees that may be assessed in response to [Defendant's] Rule 11 motion"); *see also* Doc. 41 (notice of order in *Long v. Westgate Resorts, Ltd.*, No. 6:24-cv-2112-ACC-NWH, Doc. 64, granting Rule 11 sanctions against Attorney Stephanie Parsons and/or the Timeshare Law Firm).

[2] Except for a notice of appearance filed by Plaintiff's counsel Steven M. Johnson (Doc. 39, filed on September 3, 2025) and an ore tenus motion for attorney Stephanie Parsons to withdraw as counsel (Doc. 33, entered on July 30, 2025), Plaintiff has not filed any documents since April 2025. *See* Doc. 22, Response in Opposition to Motion for Sanctions.

judgment in the trial court and exhaustion of all appeals, if any, may receive his or her reasonable attorney's fees and costs from the nonprevailing party." Fla. Stat. § 501.2105(1). To prevail in the litigation, a party "must receive a favorable judgment from a trial court with regard to the legal action, including the exhaustion of all appeals." *Diamond Aircraft*, 107 So. 3d at 368 (citation omitted).

A trial court has discretion to award attorney fees to both prevailing plaintiffs and prevailing defendants under section 501.2105(1). *See Humane Soc. of Broward Cnty., Inc. v. Fla. Humane Soc.*, 951 So. 2d 966, 969–971 (Fla. 4th DCA 2007) ("The plain language of [FDUTPA] does not suggest that the Legislature intended to treat prevailing defendants differently than prevailing plaintiffs."). In exercising its discretion, a trial court may consider factors including:

(1) the scope and history of the litigation;

(2) the ability of the opposing party to satisfy an award of fees;

(3) whether an award of fees against the opposing party would deter others from acting in similar circumstances;

(4) the merits of the respective positions—including the degree of the opposing party's culpability or bad faith;

(5) whether the claim brought was not in subjective bad faith but frivolous, unreasonable, groundless;

(6) whether the defense raised a defense mainly to frustrate or stall; [and]

(7) whether the claim brought was to resolve a significant legal question under FDUTPA law."

*Id.* at 971–72 (citation omitted).

### III.    DISCUSSION

Upon review, the Motion is due to be denied because Defendant has not established that it is a prevailing party under the FDUTPA.

The Florida Supreme Court has explained that "in accordance with the plain language of this provision, to recover attorney's fees in a FDUTPA action, a party must prevail in the litigation; meaning that the party must receive a favorable judgment from a trial court with regard to the legal action, including the exhaustion of all appeals." *Diamond Aircraft Indus.*, 107 So. 3d at 368 (interpreting § 501.2105(1), Fla. Stat.). District courts applying the statute have recognized that "the attorneys' fees provision of FDUTPA must be strictly construed." *Derek Runion v. Bernard*, 2022 WL 18492498 (M.D. Fla. Jan. 17, 2022), *report and recommendation adopted sub nom. Runion v. Bernard*, 2022 WL 2317367, at *8 (M.D. Fla. Feb. 11, 2022) (quoting *Flick Mortg. Invs., Inc. v. Metropolis Promotion Invs. & Props*. 2007 WL 9710909, at *2 (S.D. Fla. Sept. 26, 2007)). Accordingly, it is only after entry of a judgment in the trial court that the prevailing party may be entitled to attorney fees. *Money v. Home Performance All., Inc.*, 313 So. 3d 783, 786 (Fla. 2d DCA 2021); *see also Garrett-Alfred v. Facebook, Inc*., 540 F. Supp. 3d 1129 (M.D. Fla. 2021) (denying prevailing party fees under FDUTPA where movant had not obtained a final judgment).

In the Motion, Defendant asserts that "defendants prevail by demonstrating the inapplicability of [FDUTPA] to their actions." Doc. 40 at 5 (citing *M.G.B. Homes, Inc. v. Ameron Homes, Inc.*, 30 F.3d 113, 115 (11th Cir. 1994); *Chow v. Chak Yam Chau*, 640 F. App'x 834, 838 (11th Cir. 2015)). By extension, Defendant concludes that it is "clearly" the prevailing party because "[i]n the Dismissal Order, this Court determined that 'Florida law does not apply to Plaintiff's tort claims[.]'" Doc. 40 at 5-6 (quoting Doc. 36 at 6). But Defendant misses the mark by conflating the FDUTPA's definition of "prevailing party" with the Eleventh Circuit's legal conclusions in *Ameron* and *Chow*.

The Circuit in *Ameron* and the Circuit panel in *Chow* concluded that a defendant could recover attorney fees—and therefore obtain prevailing party status under FDUTPA—even where

the trial court determined the FDUTPA did not apply. *See Ameron*, 30 F.3d at 115 (rejecting plaintiff's argument that defendant "could not take advantage of the [FDUTPA] provision entitling the prevailing party in a [FDUTPA] action to attorney's fees" where the FDUTPA does not apply) (citations omitted); *see also Chow*, 640 F. App'x at 838 ("Thus, simply because FDUTPA is ultimately held to have no application . . . does not negate a defendant's status as a prevailing party in an action filed by a plaintiff *under* that act"). But neither case dispenses with the requirement that the prevailing party may only seek fees "after judgment in the trial court and exhaustion of all appeals." § 501.2105(1), Fla. Stat.; s*ee Ameron*, 30 F.3d at 115 ("Section 501.2105(1) allows the recovery of attorney's fees by the prevailing party, after judgment in the trial court and exhaustion of all appeals, and here the district court initially rendered judgment against Ameron") (cleaned up); *see also Chow*, 640 F. App'x at 838 ("As the Florida Supreme Court explained, to recover attorney's fees in a FDUTPA action, a party must prevail in the litigation; meaning that the party must receive a favorable judgment from a trial court with regard to the legal action, including the exhaustion of all appeals"). Accordingly, the requirement that the case be in a post-judgment posture remains.

Unlike *Ameron* and *Chow*, the Court has not entered judgment in this case. *See Id.* Here, the Court dismissed all but one of Plaintiff's counts without prejudice and granted Plaintiff leave to amend the Complaint. Doc. 36 at 5-6, 8. No judgment has been entered, and Defendant's motion to close the case for failure to prosecute remains pending. Doc. 42. Further, Defendants have not provided any legal authority that would persuade the Court to find entitlement to attorney fees given this procedural posture. On the contrary, the undersigned has identified at least one case in a similar procedural posture where a district court denied a motion for attorney fees under FDUTPA. *See Macaisa v. Dev. Consultants*, Inc., 2025 WL 2427659 (S.D. Fla. July 28, 2025),

*report and recommendation adopted*, 2025 WL 3282529 (S.D. Fla. Aug. 14, 2025).  In *Macaisa*, the court reasoned as follows:

> So while Defendants received a favorable outcome on the Motion to Dismiss, they did not receive a favorable judgment on the Motion to Dismiss. And in the almost eight months since that favorable outcome — even though Plaintiffs have not moved for leave to amend the Complaint to fix the deficiencies in their FDUTPA claim if they can — Defendants have not moved the Court to convert its without-prejudice dismissal of Plaintiffs' FDUTPA claim into a with-prejudice dismissal. Nor have they moved the Court to enter a final judgment or close the case.
>
> For those reasons, Defendants cannot show the Court has entered a judgment on liability that triggered Plaintiffs' right to appeal. And, of course, they cannot show the appellate process has concluded. As a result, Defendants cannot show they are prevailing parties as FDUTPA defines that phrase.

*Id.* at *9.  Like the defendants in *Macaisa*, Defendant prevailed on a motion to dismiss but has not received a final judgment in the case nor shown that the appellate process has concluded.  *See* Doc. 36.  Accordingly, any motion for entitlement to fees under Florida Statutes section 501.2105(1) is premature.

### IV.   CONCLUSION

Based on the foregoing, is it **ORDERED** that the Motion (Doc. 40) is **DENIED without prejudice** as premature.  The motion may be re-filed within 14 days of the date of this Order with legal authority establishing that Defendant is entitled to relief at this procedural stage of the case, or, if judgment is entered, it may be re-filed pursuant to Local Rule 7.01.

**ORDERED** in Orlando, Florida on March 4, 2026.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE